# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
### HOUSTON DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § | |
| | § | |
| **v.** | § | **CRIMINAL NO. 18-CR-412-S2** |
| | § | |
| **XIANGYU ZHANG** | § | |
| **Defendant.** | § | |

## PLEA AGREEMENT

The United States of America, by and through Ryan K. Patrick, United States Attorney for the Southern District of Texas, and Alamdar S. Hamdani, Assistant United States Attorney, and the defendant, Xiangyu Zhang ("Defendant"), and Defendants counsel, pursuant to Rules 11(c)(1)(A) and 11(c)(1)(B) of the Federal Rules of Criminal Procedure, state that they have entered into an agreement, the terms and conditions of which are as follows:

### Defendant's Agreement

1.   Defendant agrees to plead guilty to Counts One and Seven of the Second Superseding Indictment.   Count One charges Defendant with being an alien in possession of a firearm in violation of Title 18, United States Code, Section 922(g)(5).   Count Seven charges Defendant with aggravated identity theft in violation of Title 18, United States Code, Section 1028A(a)(1). Defendant, by entering this plea, agrees that he is waiving any right to have the facts that the law makes essential to the punishment either charged in the indictment, or proved to a jury or proven beyond a reasonable doubt.   Additionally, the Parties have agreed that Defendant shall be removed from the United States as described in Addendum II to this Plea Agreement, which is incorporated by reference.

**Punishment Ranges**

2.   The **statutory** maximum penalty for each violation of Title 18, United States Code, Section 922(g)(5), is imprisonment of not more than 10 years and a fine of not more than $250,000. Additionally, Defendant may receive a term of supervised release after imprisonment of up to three years.   *See* Title 18, United States Code, sections 3559(a)(3) and 3583(b)(2).   Defendant acknowledges and understands that if he should violate the conditions of any period of supervised release which may be imposed as part of his sentence, then Defendant may be imprisoned for up to two years, without credit for time already served on the term of supervised release prior to such violation.   *See* Title 18, United Stated Code, sections 3559(a)(3) and 3583(e)(3).   Defendant understands that he cannot have the imposition or execution of the sentence suspended, nor is he eligible for parole.

3.   The **statutory** penalty for each violation of Title 18, United States Code, Section 1028A(a)(1), is two years of imprisonment to run consecutively to any other term of imprisonment imposed in this case, and a fine of not more than $250,000.   Additionally, Defendant may receive a term of supervised release after imprisonment of up to one year.   *See* Title 18, United States Code, sections 3559(a)(5) and 3583(b)(3).   Defendant acknowledges and understands that if he should violate the conditions of any period of supervised release which may be imposed as part of his sentence, then Defendant may be imprisoned for up to one year, without credit for time already served on the term of supervised release prior to such violation.   *See* Title 18, United Stated Code, sections 3559(a)(5) and 3583(e)(3).   Defendant understands that he cannot have the imposition or execution of the sentence suspended, nor is he eligible for parole.

## Mandatory Special Assessment

4.   Pursuant to Title 18, United States Code, section 3013(a)(2)(A), immediately after sentencing, Defendant will pay to the Clerk of the United States District Court a special assessment in the amount of one hundred dollars ($100.00) per count of conviction.   The payment will be by cashier's check or money order, payable to the Clerk of the United States District Court, c/o District Clerk's Office, P.O. Box 61010, Houston, Texas 77208, Attention: Finance.

## Immigration Consequences

5.   Defendant recognizes that pleading guilty may have consequences with respect to his immigration status.   Defendant understands that if he is not a citizen of the United States, by pleading guilty he may be removed from the United States, denied citizenship, and denied admission to the United States in the future.   Defendant's attorney has advised Defendant of the potential immigration consequences resulting from Defendant's plea of guilty and agreeing to the terms of this Plea Agreement, including removal from the United States and inadmissibility thereafter as fully described in Addendum II.   Defendant has been advised that entering into this Plea Agreement will result in his removal from the United States, a bar to his returning to the United States without express, written permission to do so from the Secretary of the Department of Homeland Security or his delegate, and loss of any and all rights that attach to, *inter alia*, being charged in immigration removal proceedings.   *See* Addendum II to this Plea Agreement for all Immigration Consequences.

## Cooperation

6.   The parties understand this agreement carries the potential for a motion for departure under Section 5K1.1 of the Sentencing Guidelines.   Defendant understands and agrees that

3

whether such a motion is filed will be determined solely by the United States through the United States Attorney for the Southern District of Texas. Should Defendant's cooperation, in the sole judgment and discretion of the United States, amount to "substantial assistance," the United States reserves the sole right to file a motion for departure pursuant to Section 5K1.1 of the United States Sentencing Guidelines. Defendant further agrees to persist in that plea through sentencing, fully cooperate with the United States, and not oppose the forfeiture of assets contemplated in paragraphs 23 to 25 of this agreement. Defendant understands and agrees that the United States will request that sentencing be deferred until that cooperation is complete.

7. Defendant understands and agrees that "fully cooperate," as that term is used herein, includes providing all information relating to any criminal activity known to Defendant, including but not limited to immigration, firearm, wire and bank fraud, and identity theft violations. Defendant understands that such information includes both state and federal offenses arising therefrom. In that regard:

(a)     Defendant agrees that this plea agreement binds only the United States Attorney for the Southern District of Texas and Defendant; it does not bind any other United States Attorney or any other unit of the Department of Justice;

(b)     Defendant agrees to testify truthfully as a witness before a grand jury or in any other judicial or administrative proceeding when called upon to do so by the United States. Defendant further agrees to waive his Fifth Amendment privilege against self-incrimination for the purpose of this agreement;

(c)     Defendant agrees to voluntarily attend any interviews and conferences as the United States may request;

(d)     Defendant agrees to provide truthful, complete and accurate information and testimony and understands any false statements made by the defendant to the Grand Jury or at any court proceeding (criminal or civil), or to a government agent or attorney, can and will be prosecuted under the appropriate perjury, false statement, or obstruction statutes;

4

(e)     Defendant agrees to provide to the United States all documents in his possession or under his control relating to all areas of inquiry and investigation; and

(f)     Should the recommended departure, if any, not meet Defendant's expectations, the Defendant understands that he remains bound by the terms of this agreement and cannot, for that reason alone, withdraw his plea.

### Waiver of Appeal and Collateral Review

8.   Defendant is aware that Title 28, United States Code, section 1291, and Title 18, United States Code, section 3742, afford a defendant the right to appeal the conviction and sentence imposed. Defendant is also aware that Title 28, United States Code, section 2255, affords the right to contest or "collaterally attack" a conviction or sentence after the judgment of conviction and sentence has become final.   Defendant knowingly and voluntarily waives the right to appeal or "collaterally attack" the conviction and sentence, except that Defendant does not waive the right to raise a claim of ineffective assistance of counsel on direct appeal, if otherwise permitted, or on collateral review in a motion under Title 28, United States Code, section 2255.   Defendant's knowing and voluntary waiver of the right to appeal or collaterally attack the conviction and sentence includes waiving the right to raise on appeal or on collateral review any argument that (1) the statute(s) to which the defendant is pleading guilty is unconstitutional and (2) the admitted conduct does not fall within the scope of the statute(s).   In the event Defendant files a notice of appeal following the imposition of the sentence or later collaterally attacks his conviction or sentence, the United States will assert its rights under this agreement and seek specific performance of these waivers.

9.   In agreeing to these waivers, Defendant is aware that a sentence has not yet been determined by the Court.   Defendant is also aware that any estimate of the possible sentencing

range under the sentencing guidelines that he may have received from his counsel, the United States or the Probation Office, is a prediction and not a promise, did not induce his guilty plea, and is not binding on the United States, the Probation Office or the Court.   The United States does not make any promise or representation concerning what sentence the defendant will receive. Defendant further understands and agrees that the United States Sentencing Guidelines are "effectively advisory" to the Court.   *See United States v. Booker*, 543 U.S. 220 (2005). Accordingly, Defendant understands that, although the Court must consult the Sentencing Guidelines and must take them into account when sentencing Defendant, the Court is not bound to follow the Sentencing Guidelines nor sentence Defendant within the calculated guideline range.

10.   Defendant understands and agrees that each and all waivers contained in the Agreement are made in exchange for the concessions made by the United States in this plea agreement.

### The United States Agreements

11.   The United States agrees to each of the following:

(a)   If Defendant pleads guilty to Counts One and Seven of the second superseding indictment and persists in that plea through sentencing, and if the Court accepts this plea agreement, the United States will move to dismiss any remaining counts of the second superseding indictment at the time of sentencing;

(b)   If the Court determines that Defendant qualifies for an adjustment under section 3E1.1(a) of the United States Sentencing Guidelines, and the offense level prior to operation of section 3E1.1(a) is 16 or greater, the United States will move under section 3E1.1(b) for an additional one-level reduction because Defendant timely notified authorities of his or her intent to plead guilty, thereby permitting the United States to avoid preparing for trial and permitting the United States and the Court to allocate their resources more efficiently.

### Agreement Binding - Southern District of Texas Only

12.   The United States Attorney's Office for the Southern District of Texas agrees that it will not further criminally prosecute Defendant in the Southern District of Texas for offenses arising from conduct charged in the indictment.   This plea agreement binds only the United States Attorney's Office for the Southern District of Texas and Defendant.   It does not bind any other United States Attorney's Office.   The United States Attorney's Office for the Southern District of Texas will bring this plea agreement and the full extent of Defendant's cooperation to the attention of other prosecuting offices, if requested.

### United States Non-Waiver of Appeal

13.   The United States reserves the right to carry out its responsibilities under guidelines sentencing.   Specifically, the United States reserves the right:

(a)      to bring its version of the facts of this case, including its evidence file and any investigative files, to the attention of the Probation Office in connection with that office's preparation of a presentence report;

(b)      to set forth or dispute sentencing factors or facts material to sentencing;

(c)      to seek resolution of such factors or facts in conference with Defendant's counsel and the Probation Office;

(d)      to file a pleading relating to these issues, in accordance with section 6A1.2 of the United States Sentencing Guidelines and Title 18, United States Code, section 3553(a); and

(e)      to appeal the sentence imposed or the manner in which it was determined.

### Sentence Determination

14.   Defendant is aware that the sentence will be imposed after consideration of the United States Sentencing Guidelines and Policy Statements, which are only advisory, as well as the

provisions of Title 18, United States Code, section 3553(a).   Defendant nonetheless acknowledges and agrees that the Court has authority to impose any sentence up to and including the statutory maximum set for the offense(s) to which Defendant pleads guilty, and that the sentence to be imposed is within the sole discretion of the sentencing judge after the Court has consulted the applicable Sentencing Guidelines.   Defendant understands and agrees that the parties' positions regarding the application of the Sentencing Guidelines do not bind the Court and that the sentence imposed is within the discretion of the sentencing judge.   If the Court should impose any sentence up to the maximum established by statute, or should the Court order any or all of the sentences imposed to run consecutively, Defendant cannot, for that reason alone, withdraw a guilty plea, and will remain bound to fulfill all of the obligations under this plea agreement.

### Rights at Trial

15.   Defendant understands that by entering into this agreement, he surrenders certain rights as provided in this plea agreement.   Defendant understands that the rights of a defendant include the following:

(a)   If Defendant persisted in a plea of not guilty to the charges, defendant would have the right to a speedy jury trial with the assistance of counsel.   The trial may be conducted by a judge sitting without a jury if Defendant, the United States, and the court all agree.

(b)   At a trial, the United States would be required to present witnesses and other evidence against Defendant.   Defendant would have the opportunity to confront those witnesses and his attorney would be allowed to cross-examine them.   In turn, Defendant could, but would not be required to, present witnesses and other evidence on his own behalf.   If the witnesses for Defendant would not appear voluntarily, he could require their attendance through the subpoena power of the court; and

8

(c)     At a trial, Defendant could rely on a privilege against self-incrimination and decline to testify, and no inference of guilt could be drawn from such refusal to testify.   However, if Defendant desired to do so, he could testify on his own behalf.

**Factual Basis for Guilty Plea**

16.   Defendant is pleading guilty because he is in fact guilty of the charges contained in Counts One and Seven of the indictment.   If this case were to proceed to trial, the United States could prove each element of the offense beyond a reasonable doubt.   The following facts, among others would be offered to establish Defendants guilt:

a.     Xiangyu Zhang is a Chinese national who entered the United States on January 14, 2016 with a B-2 non-immigrant visa with authorization to remain in the United states until July 13, 2016.   Zhang stayed beyond the time allowed and is no longer in legal status in the United States.

b.     Zhang, while in the United States and out of status, possessed several firearms, including (1) an Anderson Manufacturing, model AM-15, .223 caliber rifle, bearing serial number 23658F13 manufactured in Kentucky; (2) Smith and Wesson, model SW40VE, .40 caliber semi-automatic pistol, bearing serial number HFN1686 manufactured in Connecticut; and (3) a Citadel, model ACP, .45 caliber pistol, bearing serial number CIT010268 manufactured in the Philippines.   The Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF") investigated whether the above firearms traveled in or affected interstate or foreign commerce, and determined that all of the firearms above had traveled in or affected interstate or foreign commerce.

c.     Zhang first came to the attention of federal law enforcement agencies when he entered an internet chat session on the United States Department of Veteran's Affairs

Crisis Line on July 3, 2018 and threated to kill school children by using firearms. On July 10, 2018, Zhang was arrested by law enforcement at a gas station located close to his residence in La Marque, Texas. At the time of his arrest he was sitting in a vehicle in possession of two firearms, the AM-15 rifle and the Smith &Wesson .40 caliber pistol. Both firearms had rounds in the chamber. The search incident to arrest also yielded ammunition, electronics, and a United States passport belonging to L.C.

d.      After his arrest, law enforcement continued to investigate Zhang, including why he possessed L.C.'s United States passport. The investigation revealed that while in the United States and out of status he engaged in several types of illegal conduct, ranging from the possession of another firearm to fraud and identity theft crimes.

e.      Starting with L.C.'s passport, on August 9, 2017, L.C. ordered a ride service from Uber.  Zhang showed up as her Uber driver, and after they arrived at her destination, L.C., who was sitting in the front seat with her purse on the floor, exited the vehicle to retrieve her bags.  As soon as she took out her bags, Zhang drove off with her purse.  The purse, valued retail at $1,200, contained a wallet with $1,800.00 in cash, as well as credit cards and L.C.'s passport.  Within hours of stealing her purse, Zhang, while using L.C.'s identity without her permission, attempted to purchase several items online using her name, credit card number, and address.  Included in his attempted purchases were high end electronics from Apple, Inc.

f.      As mentioned earlier, when Zhang was arrested, he was found with L.C.'s passport. Also in his possession was a Samsung phone. And in that phone was a picture of a US passport page with Zhang's picture and L.C.'s U.S. passport number.

10

g.      In March 2018, Zhang engaged in another scheme.  On March 2, 2018, Zhang went into a Bank of America location, withdrew $4,000 cash for a cashier's check made out to Stewart Title in relation to a house he was purchasing.  Then on March 4, 2018, he called Bank of America and claimed that he had not withdrawn the $4,000 and that someone else had used his card to take the money.   Bank of America credited his account while it investigated the claim.  In the meantime, Zhang withdrew the $4,000 moving it to another account.  When Bank of America determined that Zhang had made the original $4,000 withdrawal on March 2, 2018, Zhang's account had already been depleted.

h.      On March 12, 2018, Zhang executed the same bank fraud scheme as above, this time withdrawing $7,123.39 from a second Bank of America account, also for a cashier's check to Stewart Title.  He falsely claimed to Bank of America, on March 13, 2018, that someone else had withdrawn the $7,123.39 from his bank account, not him. And again, like the $4,000, when Bank of America discovered Zhang had lied to them, there were no money left in his account.

i.      On March 13, 2018, Zhang was in possession of a third firearm, the Citadel, .45 caliber pistol, a firearm he took on a trip from the Houston area to Dallas where Zhang was going to attend a commercial truck driving class the next day on March 14, 2018. Before the class began he had to submit to a random drug test and empty his pockets.   In his pocket was the .45 caliber pistol. Dallas police officers were called, and they confiscated the firearm.

j.      On or about June 29, 2018, Zhang stole an IRS refund check from his

11

neighbor, K.O.'s mailbox.   The check, made out to K.O., was in the amount of $1,014. Zhang then deposited the check into his Chase Bank account by taking an image of the check, and then making an online deposit.

### Breach of Plea Agreement

17.   If Defendant should fail in any way to fulfill completely all of the obligations under this plea agreement, the United States will be released from its obligations under the plea agreement, and Defendants plea and sentence will stand.   If at any time Defendant retains, conceals, or disposes of assets in violation of this plea agreement, or if Defendant knowingly withholds evidence or is otherwise not completely truthful with the United States, then the United States may move the Court to set aside the guilty plea and reinstate prosecution.   Any information and documents that have been disclosed by Defendant, whether prior to or subsequent to this plea agreement, and all leads derived therefrom, will be used against defendant in any prosecution.

### Restitution, Forfeiture, and Fines – Generally

18.   This Plea Agreement is being entered into by the United States on the basis of Defendant's express representation that he will make a full and complete disclosure of all assets over which he exercises direct or indirect control, or in which he has any financial interest. Defendant agrees not to dispose of any assets or take any action that would effect a transfer of property in which he has an interest, unless Defendant obtains the prior written permission of the United States.

19.   Defendant agrees to make complete financial disclosure by truthfully executing a sworn financial statement (Form OBD-500 or similar form) within 14 days of signing this plea agreement.   Defendant agrees to authorize the release of all financial information requested by

the United States, including, but not limited to, executing authorization forms permitting the United States to obtain tax information, bank account records, credit histories, and social security information.   Defendant agrees to discuss and answer any questions by the United States relating to Defendant's complete financial disclosure.

20.   Defendant agrees to take all steps necessary to pass clear title to forfeitable assets to the United States and to assist fully in the collection of restitution and fines, including, but not limited to, surrendering title, executing a warranty deed, signing a consent decree, stipulating to facts regarding the transfer of title and the basis for the forfeiture, and signing any other documents necessary to effectuate such transfer.   Defendant also agrees to direct any banks which have custody of his assets to deliver all funds and records of such assets to the United States.

21.   Defendant understands that forfeiture, restitution, and fines are separate components of sentencing and are separate obligations.

### Restitution

22.   Defendant agrees to pay full restitution to the victims regardless of the counts of conviction.   Defendant stipulates and agrees that as a result of his criminal conduct, the victim(s) incurred a monetary loss of at least $15,137.67.   Defendant understands and agrees that the Court will determine the amount of restitution to fully compensate the victims.   Defendant agrees that restitution imposed by the Court will be due and payable immediately and that Defendant will not attempt to avoid or delay payment.   Subject to the provisions of paragraph 8 above, Defendant waives the right to challenge in any manner, including by direct appeal or in a collateral proceeding, the restitution order imposed by the Court.

**Forfeiture**

23.   Defendant stipulates and agrees that the property listed in the Indictment's Notice of Forfeiture (and in any supplemental Notices) is subject to forfeiture, and Defendant agrees to the forfeiture of that property.   In particular, but without limitation, Defendant stipulates that, pursuant to 18 U.S.C. § 924(d)(1), the following specific property is subject to forfeiture: (1) an Anderson Manufacturing, model AM-15, .223 caliber rifle, bearing serial number 23658F13 manufactured in Kentucky; (2) Smith and Wesson, model SW40VE, .40 caliber semi-automatic pistol, bearing serial number HFN1686 manufactured in Connecticut; and (3) a Citadel, model ACP, .45 caliber pistol, bearing serial number CIT010268 manufactured in the Philippines. Defendant abandons and waives any and all interest he may have in, and he withdraws any claims and petitions he has submitted to, all firearms, magazines, and ammunition which were seized in connection with this case.   Defendant agrees not to contest the forfeiture of such firearms, magazines, and ammunition (whether forfeited administratively or judicially), and he waives any and all rights to notice of forfeiture or other procedural requirements for forfeiture of such firearms, magazines, and ammunition.   Defendant also consents to the destruction of such firearms, magazines, and ammunition.

24.   Defendant consents to the order of forfeiture becoming final as to Defendant immediately following this guilty plea, pursuant to Federal Rule of Criminal Procedure 32.2(b)(4)(A).

25.   Subject to the provisions of paragraph 8 above, Defendant waives the right to challenge the forfeiture of property in any manner, including by direct appeal or in a collateral proceeding.

14

## Fines

26.    Defendant understands that under the Sentencing Guidelines the Court is permitted to order Defendant to pay a fine that is sufficient to reimburse the government for the costs of any imprisonment or term of supervised release, if any.    Defendant agrees that any fine imposed by the Court will be due and payable immediately, and Defendant will not attempt to avoid or delay payment.    Subject to the provisions of paragraph 8 above, Defendant waives the right to challenge the fine in any manner, including by direct appeal or in a collateral proceeding.

## Complete Agreement

27.    This written plea agreement, consisting of 22 pages, including the attached addendums of Defendant and his attorney, in addition to the "Factual Allegations in Support of Judicial Removal" and the accompanying "Judicial Order of Removal" referenced in Addendum II to the plea agreement, constitute the complete plea agreement between the United States, Defendant, and Defendant's counsel.    No promises or representations have been made by the United States except as set forth in writing in this plea agreement.    Defendant acknowledges that no threats have been made against him/her and that he is pleading guilty freely and voluntarily because he is guilty.

30.   Any modification of this plea agreement must be in writing and signed by all parties.

Filed at Houston, Texas, on _____12/14/18_____, 2018.

_XIANGYU Zhang_____

XIANGYU ZHANG
Defendant

Subscribed and sworn to before me on ___Dec 14_____, 2018.

DAVID J. BRADLEY, Clerk
UNITED STATES DISTRICT CLERK

By: _____

Deputy United States District Clerk

APPROVED:

Ryan K. Patrick
United States Attorney

By: _____

Alamdar S. Hamdani
Assistant United States Attorney
Southern District of Texas
Telephone: 713 567 9305
Facsimile: 713 718 3307

James Stafford
Attorney for Defendant

16

**PLEA AGREEMENT – ADDENDUM I**

I have fully explained to Defendant his rights with respect to the pending indictment. I have reviewed the provisions of the United States Sentencing Commission's Guidelines Manual and Policy Statements and I have fully and carefully explained to Defendant the provisions of those Guidelines which may apply in this case.   I have also explained to Defendant that the Sentencing Guidelines are only advisory and the court may sentence Defendant up to the maximum allowed by statute per count of conviction.   Further, I have carefully reviewed every part of this plea agreement with Defendant.   To my knowledge, Defendant's decision to enter into this agreement is an informed and voluntary one.

_____
JAMES STAFFORD
Attorney for Defendant

12/14/18
Date

I have consulted with my attorney and fully understand all my rights with respect to the indictment pending against me.   My attorney has fully explained, and I understand, all my rights with respect to the provisions of the United States Sentencing Commission's Guidelines Manual which may apply in my case.   I have read and carefully reviewed every part of this plea agreement with my attorney.   I understand this agreement and I voluntarily agree to its terms.

_____
XIANGYU ZHANG
Defendant

12/14·18
Date

## PLEA AGREEMENT – ADDENDUM II

Defendant hereby knowingly, intentionally, voluntarily, and with advice of counsel, agrees to the entry by this Court pursuant to a Judicial Order of Removal to China.   Defendant hereby knowingly, intentionally, voluntarily, and with the advice of counsel, stipulates pursuant to 8 U.S.C. § 1228[d](c)(5), that this Court may and shall enter such order of removal as a condition of this plea agreement or as a condition of probation and does hereby waive the right to notice and a hearing to adjudicate removability.   Specifically, Defendant hereby knowingly, intentionally, voluntarily and with advice of counsel, admits all allegations and concedes the removal charges as stated in the Factual Allegations in Support of Judicial Removal and the accompanying Judicial Order of Removal, and does not contest that he is removable from the United States pursuant to 8 U.S.C. §1227(a)(1)(B), in that, pursuant to this Plea Agreement, as a nonimmigrant who after admission under Section 101(a)(15) of the Act remained in the United States for a time longer than permitted, in violation of INA section 237(a)(1)(B) of the Immigration and Nationality.

After consultation with counsel and understanding the legal consequences of so doing, Defendant knowingly and voluntarily waives the right to notice and hearing provided for in 8 U.S.C. § 1228[d](c)(2) and further waives any and all rights to appeal, reopen, reconsider, or otherwise challenge this Judicial Order of Removal.   Defendant understands and knowingly waives his right to a hearing before an immigration judge or any other authority under the Immigration and Nationality Act on the question of Defendant's removability from the United States.   Defendant further understands the rights Defendant would possess in a contested administrative proceeding and waives these rights, including Defendant's right to examine the

18

evidence against him, to present evidence on his behalf, and to cross-examine witnesses presented by the Government.

Defendant hereby knowingly, intentionally, voluntarily, and with advice of counsel, waives his rights to any and all forms of relief or protection from removal, deportation, or exclusion under the Immigration and Nationality Act, as amended, and related federal regulations.   These rights include, but are not limited to, the ability to apply for the following forms of relief or protection from removal:   asylum (8 U.S.C. § 1158), a waiver pursuant to 8 U.S.C. §§ 1182(h), (i), (k), or (l), cancellation of removal (8 U.S.C. § 1229b), voluntary departure (8 U.S.C. § 1229c), withholding of removal (8 U.S.C. § 1231(b)(3)(B)), temporary protected status (8 U.S.C. § 1254a), adjustment of status (8 U.S.C. § 1255), withholding or deferral of removal under the United Nations Convention Against Torture and Other Cruel, Inhuman or Degrading Treatment or Punishment (Section 2242 of the Foreign Affairs Reform and Restructuring Act of 1998, Pub. L. 105-277, 112 Stat. 2681, 2681-821; 8 C.F.R. §§ 208.16-18, 1208.16-18), or any other possible relief or protection from removal available under the United States Constitution, laws or treaty obligations of the United States.   As part of this agreement, Defendant specifically acknowledges and states that he has not been persecuted in, and has no present fear of persecution in, China on account of his race, religion, nationality, membership in a particular social group, or political opinion.   Similarly, Defendant further acknowledges that he has not been tortured in, and has no present fear of torture in, China. Defendant acknowledges that because he has no current fear of persecution in China that he will withdraw his asylum claim that was filed with The Department of Homeland Security, United States Citizenship and Immigration Services prior to sentencing in this case.

Defendant hereby agrees to make the Judicial Order of Removal a public document, waive his privacy rights, including his privacy rights under 8 C.F.R. § 208.6.

Defendant hereby knowingly, intentionally, and voluntarily, and with advice of counsel, agrees and stipulates to cooperate with Immigration and Customs Enforcement ("ICE") to facilitate his removal from the United States, including, but not limited to:   (1) remaining in contact with a designated ICE point of contact and following all contact instructions that ICE provides; (2)   assisting ICE in the procurement of any travel or other documents necessary for Defendant's removal; (3) meeting and cooperating with representatives of the country or countries to which the Defendant's removal is directed; (4) executing any forms, applications, or waivers needed to execute or expedite Defendant's removal; and (5) appear at the time and place designated by ICE for purposes of removal, or for the purpose of temporary detention in preparation for removal.   Defendant further understands that his failure or refusal to assist ICE in the execution of his removal shall breach this stipulation and agreement and may subject Defendant to criminal penalties under 8 U.S.C. § 1253.

Defendant hereby knowingly, intentionally, voluntarily, and with advice of counsel, concedes that the issuance and entry of the Judicial Order of Removal renders him inadmissible to the United States.   Defendant agrees that he will not enter, attempt to enter, or transit through the United States without first seeking and obtaining permission to do so from the Secretary of the Department of Homeland Security or other designated representatives of the United States government.   Defendant stipulates that if he hereafter, without permission of the Secretary of the Department of Homeland Security, enter, or attempts to enter the United States during that time, he will not contest any criminal prosecution brought against him pursuant to 8 U.S.C. § 1326, for

20

unauthorized entry or attempted entry into the United States.   Defendant also stipulates to the admission into evidence in any such prosecution this agreement and the Judicial Order of Removal.

      Defendant agrees to accept a written order of removal as a final disposition of these proceedings and waives any and all rights to challenge any provision of this agreement in any United States or foreign court or tribunal.

If Defendant materially breaches the terms of this agreement, the United States Attorney's Office for the Southern District of Texas is relieved of its obligations under this agreement.

APPROVED:

RYAN K. PATRICK
UNITED STATES ATTORNEY
SOUTHERN DISTRICT OF TEXAS


_____
Alamdar S. Hamdani
Assistant United States Attorney
Southern District of Texas

     I have carefully reviewed every part of this Addendum II to the Plea Agreement with my attorney.   I understand and knowingly, intelligently, and voluntarily agree to its terms.

_12-14-18_____     _____
Date                               XIANGYU ZHANG
                                      Defendant

     I represent Defendant as legal counsel.   I have carefully reviewed with Defendant every part of this Addendum II to the plea agreement.   To my knowledge, Defendant's decision to make this agreement is an informed, knowing and voluntary one.

_12/14/18_____     _____
Date                               JAMES STAFFORD
                                      Attorney for Defendant

22